IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK H. BANKS, #05711-068                                        PETITIONER

VERSUS                                         CIVIL ACTION NO. 5:07cv183-DCB-MTP

UNKNOWN DALTON, GEORGE BUSH,
CONSTANCE REESE, EDEN WHITE,
and HARLEY LAPPIN                                                     RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City (FCI-Yazoo), Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241. The named respondents are Case Manger Coordinator Dalton, President George Bush, Warden Constance Reese, Counselor Eden White, and Director of the Federal Bureau of Prisons, Harley Lappin. Petitioner filed this action on September 26, 2007, and was granted in forma pauperis status. Along with injunctive relief, the petitioner is seeking monetary damages as relief in this civil action.

Petitioner files this action complaining about the prison officials refusing to accept and process his BP-9 appeal concerning three incident reports he received. Because of the prison officials' actions concerning his BP-9 appeal, petitioner argues that his constitutional right of access to the courts is being violated. He is also claims that there has been a copyright infringement relating to his signature and name. Finally, the petitioner asserts that he is being retaliated against because he has been refused a copy of his central administrative file documents.

Analysis

Federal prisoners may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v.

Cleto, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit in Pierre went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." Id. at 935-36.

Having liberally construed the instant petition, this court finds that the petitioner is not challenging the Bureau of Prisons execution or calculation of his federal sentence. Clearly, he is challenging the conditions of his confinement at FCI-Yazoo. The issues presently before this court has nothing to do with a claim of early release from his incarceration with the Bureau of Prisons. Therefore, these complaints are not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and this habeas corpus petition will be dismissed without an evidentiary hearing.

### Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241, attacking the conditions of his confinement in FCI-Yazoo. The petitioner has not presented an arguable claim for habeas corpus relief. As such, this petition filed pursuant to § 2241 shall be dismissed with prejudice without an evidentiary hearing and his conditions of confinement claims are dismissed without prejudice so that the petitioner may pursue those claims in the proper manner.

SO ORDERED this the  14th  day of November, 2007.

                               s/ David Bramlette
                               UNITED STATES DISTRICT JUDGE